**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CARMELO ARCOS-ALONSO,<br><br>*Petitioner*,<br><br>v.<br><br>SCOTT LADWIG, DAVID VENTURELLA, MARKWAYNE MULLIN, TODD BLANCHE, and UNITED STATES OF AMERICA,<br><br>*Respondents*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-293<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**MEMORANDUM AND ORDER**

---

Through counsel, Petitioner filed a "Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Doc. 1) and "Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction" (Doc. 7). The Government has filed a response to the petition (Doc. 8), to which Petitioner has replied (Doc. 9). For the reasons set forth below, the Court will transfer this action to the Eastern Division of the United States District Court for the Northern District of Alabama, where Petitioner was in custody at the time he filed his petition.

**I. BACKGROUND**

Petitioner, a Mexican national, entered the United States unlawfully in 2000 and has continuously resided here since, most recently in Cleveland, Tennessee. (Doc. 1 ¶¶ 1, 39.) At about 9:00 a.m. on October 13, 2026, Petitioner was a passenger in a vehicle that was stopped by officers of the United States Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 1.)

Petitioner was taken into ICE's custody without a warrant and without "any individualized basis to believe that [he] was likely to escape before a warrant could be obtained." (*Id.* ¶ 43.)

Petitioner filed his federal habeas petition on October 13, 2026, at 4:07 p.m. (Doc. 1.) In that petition, Petitioner states he was initially held "at the ICE office in Chattanooga, Tennessee, and Respondents . . . indicated that he will be transferred to the Etowah County Jail in Gadsden, Alabama." (*Id.*) Petitioner's counsel states that, at the time the petition was filed, "ICE's Online Detainee Locator System returned no matching record for Petitioner, and counsel had not been able to communicate with Petitioner." (*Id.* ¶ 23.)

In response, the Government states (as relevant here) that Petitioner was placed under arrest at 8:25 a.m. and transported to the "ERO Chattanooga Field Office" for processing, but that he "was booked out of the ERO Chattanooga facility at or about 2:59 p.m. on October 13, 2026, and transferred to the Etowah County Jail in Gadsden, Alabama" "[c]onsistent with the ordinary course of operations." (Doc. 8, at 3.) Inasmuch as the Petitioner's counsel did not file his petition in this Court until 4:07 p.m., the Government argues, Petitioner was likely outside of this District's boundaries when the petition was filed. (*Id.*)

In reply to the Government's jurisdictional argument, Petitioner argues that the Government has not produced any actual evidence that he was not in this district when the petition was filed at 4:07 p.m., and that "any uncertainty about Petitioner's precise location at 4:07 p.m. was manufactured by Respondents' own undisclosed, incommunicado transfer and their failure to update the [ICE Online Detainee Locator System ("ODLS")]." (Doc. 9, at 2–3.) Petitioner notes that "[n]ear the time of filing, the [ODLS] returned a matching record for Petitioner and listed the ICE, Enforcement and Removal Office (ERO) Chattanooga TN Sub Office and instructed to 'Call ICE For Details.'" (*Id.*, at 4; *see also* Doc. 1-1.) Therefore,

Petitioner argues, the Court should apply the "unknown custodian" exception to the general rule that a petitioner must file his petition in the district of confinement, because counsel had no way to verify Petitioner's location at the time the petition was filed. (*Id.* at 3–4.) Petitioner also asserts that, if the Court determines this District is not the proper jurisdiction for the petition, it should "transfer the case to [the relevant] Alabama district court." (*Id.* at 8 n.4.)

## II. ANALYSIS

Petitioner has the burden of establishing this Court's jurisdiction. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) ("The party invoking federal jurisdiction . . . bears the burden of proof that the federal courts have jurisdiction."), *aff'd sub nom. Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017); *Corridore v. Washington*, 71 F.4th 491, 494 (6th Cir. 2023) ("[Petitioner] bears the burden of proving that he is in custody." (citing *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018))). The general rule is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (U.S. 2004). Jurisdiction attaches at the time of filing. *Id.*

Petitioner urges the Court to rely on the "unknown custodian" rule to permit his petition to proceed in this Court. This rule comes from the concurrence in *Padilla* by Justices Kennedy and O'Connor, wherein the justices stated that they would acknowledge an exception to the district-of-confinement rule where "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy, J., concurring). The concurrence stated that, where this is the case, "habeas jurisdiction would be in the district court from whose

territory the petitioner had been removed." *Id.* (Kennedy, J., concurring); *see Suri v. Trump*, 184 F.4th 260, 277 (4th Cir. 2026) (finding it "impossible" "to apply the district of confinement rule because Suri was held in an undisclosed location" (internal quotation marks and citation omitted)).

In a pre-*Padilla* decision, the Sixth Circuit also indicated that "an exception [to the immediate custodian rule for habeas corpus] might be appropriate if the INS were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." *Roman v. Ashcroft*, 340 F.3d 314, 326 (6th Cir. 2003). However, the Court has not located any case from the Sixth Circuit directly addressing or applying this "unknown custodian" rule in any post-*Padilla* precedent, nor have the Parties identified any such precedent.

Here, Petitioner does not establish this Court's jurisdiction. The Government has stated under the penalty of Rule 11 sanctions that "Petitioner was booked out of the ERO Chattanooga facility at or about 2:59 p.m." and "transferred to the Etowah County Jail in Gadsden, Alabama." (Doc. 8, at 3.) Accordingly, even under the facts viewed in the light most favorable to Petitioner, he was in the custody of the Northern District of Alabama when he filed his habeas petition at 4:07 p.m. *See Morales v. Ladwig*, No. 1:26-cv-294-KAC-CHS (E.D. Tenn. Oct. 26, 2026) (taking judicial notice in a companion case that "Chattanooga lies approximately 35 miles from Sulphur Springs, Alabama (DeKalb County), the first community in the Northern District of Alabama on the most direct route to Gadsden, Alabama").

Consideration of the "unknown custodian" rule does not change this conclusion. Petitioner's counsel states in the petition that she could not locate him through the ICE Detainee Locator at or about the time she filed the petition. (Doc. 1 ¶ 23.) But she does not assert that she made any other efforts to locate Petitioner, such as attempting to call the Chattanooga ICE field

office or any other immigration authority, even though (1) the ICE Detainee Locator advised to call the Chattanooga ICE office for more information regarding Petitioner's custody, and (2) counsel verified that she believed at the time she filed the petition that she knew Petitioner would be transferred from Chattanooga to the Etowah County Jail in Gadsden, Alabama. (*See* Doc. 1 ¶ 43; Doc. 1-1.)

Further, the Government has been transparent with details concerning Petitioner's confinement in their response to the petition. (*See* Doc. 8.) And none of Petitioner's filings set forth facts indicating that any government official refused to disclose Petitioner's location. To the contrary, the record indicates that (1) Petitioner attempted to call his partner three times at 9:30 a.m. on the day of his arrest, but that his calls went unanswered (Doc. 9-1 ¶ 6); (2) his step-daughter subsequently traveled to the Chattanooga ICE office and was permitted to give officials a phone number where Petitioner could call her (*Id.* ¶ 8); (3) Petitioner received his step-daughter's message and called her that same morning (*Id.* ¶ 9); and (4) Petitioner's family was permitted to speak with him again at approximately 9:40 p.m. on October 13, when he was presumably in the Etowah County Jail. (*Id.* ¶ 14.) It is therefore apparent that no government official was attempting to conceal Petitioner's location.

Accordingly, the Court finds that Petitioner has not established that he was in custody in this District at the time of the filing of the instant petition, such that this District is the proper jurisdiction for this action. The Court further finds that even if the Sixth Circuit had adopted the "unknown custodian" rule, that rule would not justify the Court asserting its jurisdiction over the petition in this case.

Under 28 U.S.C. § 1631, this Court may transfer any action to a court where it could have been filed originally "in the interest of justice[.]" Petitioner was in the Northern District of

Alabama when his counsel filed this action, and that court has jurisdiction to hear the petition. *See Padilla*, 542 U.S. at 443. Accordingly, under 28 U.S.C. §§ 2241(b) and 1631, this Court will transfer this action to the Eastern Division of the United States District Court for the Northern District of Alabama, which is the District in which the Etowah County Jail is located. 28 U.S.C. § 81(a)(4).

## III. CONCLUSION

Accordingly, the Clerk is **DIRECTED** to transfer this action to the Eastern Division of the United States District Court for the Northern District of Alabama and **CLOSE** this Court's file.

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**